**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1.  SCOTT MABRY and JULEE MABRY, | ) | |
| Individually and as Co-Trustees of THE | ) | |
| SCOTT AND JULEE MABREY | ) | |
| FAMILY REVOCABLE TRUST, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 24-cv-00108-SHE-SH |
| | ) | |
| 2.  UPONOR, INC., a foreign corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT UPONOR, INC.'S RESPONSE BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

COMES NOW, Defendant, Uponor, Inc. ("Uponor"), and responds to Plaintiffs' Motion to Remand [Doc. No. 12] as follows:

Plaintiffs concede that their initial filing, the Petition filed in State Court [Doc. No. 2-2], sought recovery against Uponor for damages in excess of $75,000.00, and also an award of attorney fees and costs.  Based on the contents of Plaintiffs' Petition, Uponor properly removed the action to this Court pursuant to diversity jurisdiction, 28 U.S.C. § 1332 [*see* Doc. No. 2].

Plaintiffs now seek to remand this matter to State Court, based solely on the assertion  that they  are now only seeking to recover $69,1395.31 [*sic*] in damages [*see* Doc. No 12, § 4].  However, Plaintiffs continue to assert a claim for attorney fees and costs in addition to the aforementioned revised damage figure.  As a result, the amount in controversy continues to exceed the minimum amount necessary to satisfy diversity

1

jurisdiction.   Additionally, Plaintiffs cannot deprive the Court of jurisdiction by subsequently declaring they are no longer seeking damages in an amount in excess of $75,000.00 – absent attorney fees and costs.

Plaintiffs' Motion to Remand should be denied.  In further support, Uponor provides the following:

## PROCEDURAL HISTORY

1.    Plaintiffs filed suit in the District Court of Tulsa County on February 13, 2024, wherein Plaintiffs alleged damages "… in the amount of $79,195.31." Plaintiffs requested "… judgment against Defendant Uponor, Inc. in the amount of $79,195.31, for an award of attorneys' fees and costs…" [*see* Plaintiffs' Petition, ¶¶ 16 and 23, and the "WHEREFORE" clause on Doc. No. 2-2 p. 3].

2.    Uponor timely and properly removed the action to this Court based on diversity jurisdiction.  Based on the pleadings on file, there existed an amount in controversy in excess of $75,000.00, and the parties were completely diverse in citizenship and residency. [*See* Doc. No. 2].

3.    On April 4, 2024, Plaintiffs filed their Motion to Remand the case to State Court [Doc. No. 12] based on the unilateral assertion  that there no longer existed diversity jurisdiction in this venue given a purported revised damage sum.

**ARGUMENT AND AUTHORITIES**

1.    **PLAINTIFFS' POST-REMOVAL CONDUCT IS INSUFFICIENT TO DEPRIVE THE COURT OF DIVERSITY JURISDICTION**

As set forth above, it is beyond dispute that diversity jurisdiction was properly invoked by Uponor with the filing of the Notice of Removal on March 11, 2024. Plaintiffs now seek remand of the case, based solely on subsequent conduct on their own part after the removal of the case to this Court. Judge DeGiusti, in an Order from the Western District of Oklahoma, dated July 26, 2023, rejected this same argument, denying a motion to remand, and stating:

> Upon consideration, the Court finds that Plaintiffs' attempt to obtain a remand by reducing the amount of their demand for damages is foreclosed by binding precedent. The Supreme Court held in *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014), that the general "notice pleading" standard of Fed. R. Civ. P. 8(a) governs a defendant's notice of removal. As specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. This allegation may be overcome by showing it is legally certain that the plaintiff's recovery … will be less than $75,000. But a sufficient allegation cannot be defeated by events subsequent to removal which reduce the amount recoverable. **Specifically, where the plaintiff after removal, by stipulation, affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the court of jurisdiction.**

(internal quotations and citations omitted). (emphasis added).

Judge DeGuisti's Order is consistent with prior Opinions of the Northern District. Specifically, Judge Dowdell, in the case of ***Kier v. Lowery***, 2017 U.S. Dist. LEXIS 36927

(N. D. Okla. 2017), refused to remand a case to State Court where a plaintiff engaged in post-removal conduct to attempt to defeat diversity, stating:

> Further, in light of Supreme Court precedent, the Court declines to credit plaintiff's attempt to defeat diversity jurisdiction in the form of a post-removal stipulation. See *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292, 58 S. Ct. 586, 82 L. Ed. 845 (1938) (a plaintiff's actions "after removal by stipulation, by affidavit, or by amendment of his pleadings, [to] reduce the claim below the requisite amount . . . does not deprive the district court of jurisdiction."); see also *Rogers v. Wal-Mart Stores, Inc.* 230 F.3d 868, 872 (6th Cir. 2000) ("We conclude that post-removal stipulations do not create an exception to the rule articulated in *St. Paul*. Because jurisdiction is determined as of the time of removal, events occurring after removal that reduce the amount in controversy do not oust jurisdiction."); *Russell v. Geico Gen. Ins. Co.*, 2015 U.S. Dist. LEXIS 92466, 2015 WL 4394490, at *2 (N.D. Okla. July 16, 2015) ("[T]he parties' stipulation that plaintiff cannot recover more than $75,000 does not divest this Court of its pre-existing subject matter jurisdiction under § 1332(a).").

In sum, Plaintiffs cannot deprive this Court of diversity jurisdiction, which was validly invoked by Uponor, by now claiming to seek damages in an amount less than $75,000.00.

**2. PLAINTIFFS' REQUEST FOR ATTORNEY FEES RESULTS IN THE AMOUNT IN CONTROVERSY CONTINUING TO EXCEED THE MINIMUM JURISDICITIONAL REQUIREMENT**

Even assuming Plaintiffs could affirmatively act to deprive this Court of diversity jurisdiction by engaging in post-removal conduct, seeking a recovery of damages in amount less than $75,000.00, Plaintiffs have failed to act in such a way in this matter. As indicated above, Plaintiffs' Motion to Remand states Plaintiffs now seek to recover

damages in amount of "$69,1395.31".  However, Plaintiffs also seek to recover damages for attorney fees and costs.

It is well-settled that "[r]easonable attorney's fees may be used in the [amount in controversy] calculation when a party has a statutory right to recover such fees. See ***Wood v. Stuart C. Irby Co.***, 2022 U.S. Dist. LEXIS 237526, at *2-3 (W.D. Okla. Aug. 30, 2022) (citing ***Molzahn v. State Farm Mut. Auto. Ins. Co.***, 322 F.2d 1321, 1322 (10th Cir.  1970); See also ***Cunanan v. State Farm  Fire & Cas. Co.***, 2023 U.S. Dist. LEXIS 152192, at *5-6 (W.D. Okla. Aug. 29, 2023) (holding plaintiffs' request for attorney fees supported by factual allegations in petition makes it possible that an amount in excess of $75,000 is at play).

Plaintiffs' current claim for actual damages in an amount in excess of $69,000.00, when combined with Plaintiffs' request for attorney fees, results in the total amount in controversy exceeding $75,000.00.  As a result, even taking into account Plaintiffs' "amended" judgment request, the minimum amount in controversy necessary to satisfy diversity jurisdiction remains at issue.

<u>**CONCLUSION**</u>

Based on the above and forgoing, Uponor requests the Court deny Plaintiffs' Motion to Remand this matter to State Court [Doc. No. 12].  Jurisdiction and venue in this Court remain valid and the Court has authority, pursuant to 28 U.S.C. § 1332, to exercise jurisdiction over this matter.

/s/ J. Mark McAlester
J. MARK McALESTER, OBA #18104
FENTON FENTON SMITH RENEAU & MOON
211 N. Robinson, Ste. 800N
Oklahoma City, OK 73102
Phone: 405.235.4671
Fax: 405.235.5247
E-mail: jmmcalester@fentonlaw.com
**ATTORNEYS FOR DEFENDANT,
UPONOR, INC.**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 25th day of April, 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Scott V. Morgan, Esq.
MOYERS MARTIN LLP
401 S. Boston Ave., Ste. 1100
Tulsa, OK 74103
**E-mail:** svmorgan@moyersmartin.com
**ATTORNEYS FOR PLAINTIFF**

/s/ J. Mark McAlester
J. Mark McAlester